**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

REINALDO GUEVARA MARTINEZ,

Petitioner,

v.

VERNON LIGGINS,
*Director, Baltimore Field Office,*
*U.S. Immigration and Customs Enforcement*,
KRISTI NOEM,
*Secretary of Homeland Security*, and
PAMELA BONDI,
*Attorney General of the United States*,
*in their official capacities*,

Respondents.

Civil Action No. 26-0520-TDC

**ORDER**

Petitioner Reinaldo Guevara Martinez, who is currently in immigration detention at the Baltimore Field Office of U.S. Immigration and Customs Enforcement ("ICE"), has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Respondents have filed a Notice stating that the factual and legal issues presented in this Petition do not differ in any material fashion from those previously presented in *Velasquez v. Noem*, No. 25-3215-GLR, 2025 WL 3003684 (D. Md. Oct. 27, 2025), *Villanueva Funes v. Noem*, No. 25-3860-TDC, 2026 WL 92860 (D. Md. Jan. 13, 2026), and *Leal-Hernandez v. Noem*, No. 25-2428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025), and that this case concerns "whether an alien who is present in the United States without admission is properly subject to mandatory detention (*i.e.*, detention without the prospect of release on bond) pursuant to 8 U.S.C. § 1225(b) during the pendency of administrative removal proceedings, or instead, those set forth in 8 U.S.C. § 1226(a) (discretionary detention)." Notice at

1, ECF No. 6. Respondents further state that the Court should incorporate Respondents' filings in those cases into the record of this proceeding in lieu of further briefing. The Court will do so. At the February 10, 2026 Case Management Conference, the parties agreed that no further briefing is necessary in this case.

As a threshold issue, Respondents argue that the Court lacks jurisdiction to review Guevara Martinez's detention based on 8 U.S.C. §§ 1252(e)(3), 1252(g), and 1252(b)(9). The Court incorporates by reference its analysis of these same arguments in *Villanueva Funes*, *Maldonado v. Baker*, No. 25-3084-TDC, 2025 WL 2968042 (D. Md. Oct. 21, 2025), and *Santamaria Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2841886 (D. Md. Oct. 7, 2025), and based on the same reasoning, rejects Respondents' present arguments that the Court lacks jurisdiction over the Petition pursuant to 8 U.S.C. §§ 1252(e)(3), 1252(g), and 1252(b)(9). *See Maldonado*, 2025 WL 2968042, at *3–4; *Villanueva Funes*, 2026 WL 92860, at *2–4; *Santamaria Orellana*, 2025 WL 2841886, at *6–7.

As for the issue of whether Guevara Martinez is unlawfully subjected to mandatory detention under 8 U.S.C. § 1225(b)(2), and whether such detention without a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) violates due process, this Court concludes, as it did in *Maldonado*, that the detention of inadmissible noncitizens who were already present in the United States, had not attempted to acquire legal entry or status, and were not actively doing so at the time of their detention is governed by § 1226(a), not § 1225(b)(2), and that mandatory detention of such an individual under § 1225(b)(2) violates due process. *See Maldonado*, 2025 WL 2968042, at *5–10. The Court incorporates by reference its detailed analysis of this issue in *Maldonado*.

Here, Guevara Martinez's Petition presents a nearly identical factual situation to that at issue in *Maldonado* in that Guevara Martinez has been present in the United States for years, and there is no basis to conclude that he is subject to mandatory detention based on criminal history, has attempted to acquire legal entry or status, or was actively doing so at the time of his detention. Accordingly, for the same reasons discussed in *Maldonado*, the Court concludes that Guevara Martinez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), that his current detention can be deemed lawful only under 8 U.S.C. § 1226(a), and that Respondents' detention of Guevara Martinez without a bond hearing before an immigration judge pursuant to § 1226(a) violates his right to due process of law. *See Maldonado*, 2025 WL 2968042, at *5–10.

As for the specific remedy, Guevara Martinez seeks the bond hearing to which he is entitled, and he seeks to have it occur at the Immigration Court in Hyattsville, Maryland. For the same reasons stated in *Maldonado*, the Court will require that the bond hearing be held in close proximity to the ICE Baltimore Field Office, specifically, at the Immigration Court in either Baltimore, Maryland or Hyattsville, Maryland, and that any detention of Guevara Martinez pending this hearing must be in or near Maryland in order to properly effectuate that requirement. *See Maldonado*, 2025 WL 2968042, at *10–11. The need for the bond hearing to occur in Maryland is further bolstered by the fact there have been instances in similar cases in which a petitioner's counsel has been unable to participate, in-person or remotely, in an out-of-state bond hearing. *See* Status Report Ex. B at 4, *Amaya Lopez v. Liggins*, No. 26-0159-TDC (D. Md. Feb. 4, 2026), ECF No. 10-2. Thus, where Guevara Martinez's counsel is located in Maryland, having the hearing in Maryland is necessary to ensure the ability of counsel to participate.

For the foregoing reasons, it is hereby ORDERED that Guevara Martinez's Petition for a Writ of Habeas Corpus, ECF No. 1, is GRANTED in that:

1. The Court finds that Guevara Martinez's detention is governed by 8 U.S.C. § 1226(a) and enjoins the detention of Guevara Martinez pursuant to 8 U.S.C. § 1225(b)(2).

2. Respondents shall arrange for Guevara Martinez to receive, within **7 days** of the date of this Order, a bond hearing before an immigration judge, at which he can be represented by his present counsel, at the Immigration Court in either Baltimore, Maryland or Hyattsville, Maryland.

3. The bond hearing shall be conducted pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1, 1003.19, and 1236.1, and Respondents shall provide Guevara Martinez with any other process due to him under these provisions.

4. During the time period before the bond hearing to occur in accordance with this Order, Guevara Martinez shall be detained in either Maryland or in a state immediately adjacent to Maryland or, in the alternative, shall be released from custody pending the bond hearing.

5. If Guevara Martinez is not provided with a bond hearing before an immigration judge within **7 days** of date of this Order, Respondents shall release Guevara Martinez from custody. If released, Guevara Martinez may be subject to conditions of release, including a requirement that he appear at a bond hearing at the Immigration Court in Baltimore, Maryland or Hyattsville, Maryland.

6. Within **10 days** of the date of this Order, the parties shall file a Joint Status Report to confirm Respondents' compliance with this Order. If Guevara Martinez has not been released from custody, the Joint Status Report shall state whether and when a bond hearing was held in accordance with this Order and shall state the grounds for the immigration judge's decision. The Joint Status Report shall also state whether the parties agree that this case may be closed, subject to the Court's retention of jurisdiction to enforce compliance with prior Orders.

Date: February 10, 2026



THEODORE D. CHUANG
United States District Judge